**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YANLING XU,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1776-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Yanling Xu, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 11, and the time for Petitioner to reply has lapsed. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide him with an individualized bond hearing within ten days or otherwise release Petitioner.

## I. Factual background and procedural history.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner is a citizen of China who entered the United States on November 25, 2019, on a nonimmigrant visitor visa that expired May 24, 2020. Doc. 1, at 1; Doc. 11, at 1-2 & Ex. 2. He sought asylum on June 2, 2020. Doc. 1, at 1; Doc. 11, at 2. On March 18, 2026, the Department of Homeland Security placed Petitioner into removal proceedings and charged him with overstaying his visa under 8 U.S.C. § 1227(a)(1)(B). Doc. 11, at 2 & Ex. 1. DHS detained him under 8 U.S.C. § 1226(a)(1). *Id.* Ex. 6. Petitioner requested a custody redetermination hearing, which he withdrew four days after filing his petition. Doc. 11, at 3 & Ex. 7.

On August 10, 2026, an Immigration Judge (IJ) ordered Petitioner's removal. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sep. 23, 2026). Petitioner's appeal of that decision is pending. *Id.*

## II. Petitioner's claims.

Petitioner claims that Respondents violated (1) his Fifth Amendment procedural and substantive due process rights; (2) the Immigration and Nationality Act (INA); and (3) the Administrative Procedure Act (APA). Doc. 1, at 6-7. He seeks (1) an order requiring Respondents to show cause why the

Petition should not be granted in three days;[3] (2) a declaration that his detention violates the Due Process Clause; (3) a grant of the writ and his immediate release; (4) alternatively, an individualized bond hearing where the Government bears the burden of demonstrating he is flight risk or a danger to the community by clear and convincing evidence; and (5) attorney's fees and costs under the Equal Access to Justice Act.[4]

**III. Standard of review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[3] The Court addressed this request in part in its Order for Response, Doc. 9.

[4] Petitioner must seek an award of fees separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B).

## IV. Discussion.

### A. Petitioner is entitled to a bond hearing.

Respondents argue, in pertinent part, that (1) this Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review the Government's discretionary decision to detain Petitioner; and (2) Petitioner did not exhaust his administrative remedies. Doc. 11, at 5-6. The Court should reject Respondents' arguments.

Petitioner has never had a bond hearing. So § 1226(e), which deprives the Court of jurisdiction to review an IJ's discretionary bond decision,[5] does not apply in this case. *See, e.g.*, *Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (holding § 1226(e)'s "limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the 'statutory framework' as a whole.'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018)).

---

5 Section 1226(e) states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

Federal regulations permit a noncitizen detained under 8 U.S.C. § 1226(a) to request a bond hearing before an IJ at any time prior to the entry of a final order of removal. *See* 8 C.F.R. § 236.1(d)(1) ("After an initial custody determination . . . the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released."); 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination).[6] However, they are not required to request a bond hearing before pursuing § 2241 habeas corpus relief. *See, e.g., Salvador F.-G. v. Noem*, No. 25-CV-243-CVE-MTS, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies." (citing 8 U.S.C. § 1226)). And while "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief" in general, neither the statutory language of § 1226 nor the habeas statute "expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

---

[6] Any request by Petitioner for a bond hearing would have been futile. On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a precedent decision, binding on all IJs, holding that an IJ has no authority to consider bond requests for any person who is in the United States without admission. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

For these reasons, the Court should reject Respondents' arguments and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

**B. The Court should decline to address Petitioner's remaining claims.**

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D.

Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends the Court **grant Petitioner's habeas corpus petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release Petitioner**. The undersigned also recommends that the Court order Respondents to certify compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 30, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 23rd day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process”).